# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MIDLAND NATIONAL LIFE
INSURANCE CO.,

      Plaintiff,                 :         Case No. 3:10-cv-191

                                     District Judge Thomas M. Rose
      -vs-                            Magistrate Judge Michael R. Merz

                                  :

DAVID J. MANGES, SR., et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This is an insurance interpleader action in which the insurer, Plaintiff Midland National Life Insurance Company, has obtained a Final Decree of Interpleader (Doc. No. 27).  What remains to be decided in the case are the cross-claims of Defendants David J. Manges, Sr.; Ellen Sieling, and the Ralph F. Scott Funeral Home, Inc. ("Funeral Home").  The case is before the Court on Defendant Manges' Motion for Judgment on the Pleadings (Doc. No. 22).  Defendants Sieling and Funeral Home have filed a joint Memorandum Contra (Doc. No. 25) and Mr. Manges has filed a Reply in support (Doc. No. 29).

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true.  *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991)(citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941)).  The Court must then decide whether the moving party is entitled to judgment as a matter of law.  *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993).  This

is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). When a party attaches to a motion for judgment on the pleadings documents which are referenced in but not attached to the complaint, the court may consider the motion as being made under Rule 12(c), rather than converting it to a motion for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997). When matters outside the pleadings are presented to and considered by the court in a Rule 12(c) motion, the motion is treated as one for summary judgment. *See Friedman v. United States,* 927 F.2d 259, 261 (6th Cir. 1991). However, a court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) was recently re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be

2

>  exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

*Bell Atlantic* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46, specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Common Antitrust Lithog.)*, 583 F.3d 896, 903 (6th Cir. 2009). Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contains] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice."  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

This Court's subject matter jurisdiction in this case is provided by 28 U.S.C. § 1332 by virtue of the diverse citizenship of the parties.  A federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims.  28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States).

It is undisputed that in 2005 the decedent insured, Vickie S. Manges, validly named her then-fiancee Defendant David Manges as the primary beneficiary on the life insurance policy in suit, in lieu of her mother, Defendant Ellen Sieling.  It is also undisputed that the decedent thereafter married David Manges; that in December, 2008, she filed a divorce action against him; and that thereafter she died without having filed another written change of beneficiary form with the Plaintiff. Finally, it is undisputed that Defendant Sieling validly assigned to Funeral Home sufficient proceeds from the insurance policy to cover the burial expenses of her daughter, Vickie Manges.  Thus the Funeral Home's claim is entirely dependent on Defendant Sieling's claim.

In her Cross-Claim, Defendant Sieling alleges as follows:

> 9. In the process of making funeral arrangements and knowing her health was deteriorating and death was imminent, Gladney [Vickie Manges'

> name prior to her marriage to Manges] contacted Midland to inquire about the beneficiary on November 20th or 21st, 2009, with a witness present.
>
> 10. During this conversation, she clearly expressed her intent to name Sieling as the beneficiary and she was told by a representative of Midland that Sieling was the beneficiary. At this time, Gladney did not have a clear recollection of who the beneficiary was, but based on this conversation, she was under the firm belief that her mother, Sieling, was the true beneficiary.
>
> 11. The express purpose of the phone call to Midland was to ensure Sieling was named the primary beneficiary and to exclude her estranged husband as the primary beneficiary.
>
> 12. If Gladney had been informed by Midland that Manges was the beneficiary, she would have submitted a change of beneficiary form to Midland to name Sieling.
>
> 13. Midland waived any and all requirements in the policy requiring written notice to change beneficiaries.

(Cross-Claim, Doc. No. 9, PageID 53-54.)

Defendant Manges argues the Cross-claim does not state a claim on which relief can be granted to Defendant Sieling for two reasons: (1) the decedent did not comply with the reasonable regulations of the insurer for changing beneficiaries, and (2) the decedent was in any event restrained by court order from making any changes in the beneficiary at the time of her death.

As to the first argument, Defendant Manges adequately shows by quotation from the insurance policy that Midland required a change of beneficiary to be in writing. In fact, the decedent must have known that at some point because she filed a change of beneficiary from her mother to David Manges shortly before they were married.

Defendant Sieling responds that, as the Cross-Claim alleges, Midland waived the requirement that a change of beneficiary be in writing and, since the requirement is for the benefit of the insurer, it could validly do so, citing *Atkinson v. Metropolitan Life Ins. Co.*, 114 Ohio St. 109 (1926), and *Rindlaub v. Travelers Ins. Co.*, 175 Ohio St. 303 (1963). In *Atkinson*, the Ohio Supreme Court held

> 4. The provisions in a policy of insurance regulating the mode and manner

> of making a change of beneficiary are for the benefit of the insurance company and may be waived by it.
>
> 5. In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company.

*Atkinson*, ¶¶ 4 & 5 of the syllabus. *Rindlaub* is to the same effect. Because Defendant Manges cannot rely on the provisions of the insurance policy requiring certain formalities in changing beneficiaries, he is not entitled to judgment on the pleadings on this argument.

As noted above, in deciding a motion for judgment on the pleadings, the Court may take judicial notice of the records of another court. Defendant Manges has attached to his Motion a copy of the Restraining Orders issued by Judge Steven Hurley of the Greene County Common Pleas Court Domestic Relations Division which provides in pertinent part, directed to Vickie S. Manges that she is restrained

> 5. From directly or indirectly changing beneficiaries, making loans on, terminating or otherwise closing out, or reducing life insurance policies, including benefits and values, on the life of each other.

(Exhibit B to Doc. No. 22). There is no dispute of the genuineness of the Order. Defendant Sieling's argument that the insurance policy was separate property, not marital property, is unavailing as the Order plainly applies to the policy in suit.

Defendant Sieling argues the Order is no concern of this Court, that any claim of this sort must be made by initiating contempt proceedings in the Greene County Court for contempt against the decedent.

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren*

*City School District Board of Edn.,* 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987);  *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989).

Defendant Manges has adequately proven that the Ohio courts would treat any attempt to change the beneficiary of a life insurance policy in violation of a restraining order of the domestic relations court as ineffective.  *Mack v. Allstate Life Ins. Co.*, 42 Ohio App. 3d 101 (Ohio App. 1st Dist. 1987).  Because any attempt by Ms. Manges to change the beneficiary in violation of Judge Hurley's order would be treated as ineffective by the Ohio courts, this Court must also refuse to accept the change.

## Conclusion

Accordingly, Defendant Manges' Motion is well taken.  The Cross-Claims of Defendants Sieling and Funeral Home should be dismissed with prejudice.

December 2, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).